**TRAVELERS INSURANCE COMPANY and Thomas A. Wiseman, Jr., Treasurer of the State of Tennessee and Custodian of the Second Injury Fund**

v.

**Willie B. AUSTIN.**

Supreme Court of Tennessee.

March 17, 1975.

Milton P. Rice, Atty. Gen. and Reporter, C. Hayes Cooney, Deputy Atty. Gen., Nashville, for appellant, Thomas A. Wiseman, Jr.

Ben Todd, Memphis, for appellee, Willie B. Austin.

Eugene C. Gaerig, Holt, Batchelor, Taylor, & Spicer, Memphis, for appellee, The Travelers Ins. Co.

## OPINION

COOPER, Justice.

This is an appeal by Thomas A. Wiseman, Jr., Treasurer of the State of Tennessee and Custodian of the Second Injury Fund, from that part of a judgment entered in the Circuit Court of Shelby County, awarding Willie B. Austin' workmen's compensation benefits to be paid by the Second Injury Fund. Appellant insists the trial court erred in holding that appellee's claim against the Second Injury Fund was not barred by the statute of limitations.

The record shows that appellee, Willie B. Austin, filed a petition on November 6, 1972, seeking to recover workmen's compensation benefits from Travelers Insurance Company and Cash Iron Company of Memphis, his employer. Appellee alleged that he sustained a back injury on November 16, 1971, in the course and scope of his employment, gave details of his injury and treatment, including surgery on July 2, 1972, and charged that he was "totally disabled on the open labor market" as the re-

sult of the injury. He further charged that the defendants had wrongfully terminated all benefits, including payment of medical expenses, as of February 2, 1972.

Travelers and Cash Iron Company filed an answer on November 27, 1972, denying that appellee had any permanent disability as the result of the injury of November 16, 1971, and averring that all benefits due appellee under the workmen's compensation law had been paid.

On October 3, 1973, an order was entered authorizing appellee to change attorneys of record and authorizing the filing of a complaint amended to add the appellant as a defendant.

The amended complaint differs from the original in that it details disabilities and injuries sustained by appellee prior to the injury of November 16, 1971. According to the complaint, appellee lost the hearing in his right ear in 1945 and sometime thereafter lost the hearing in his left ear; in July, 1968, appellee injured his back while working as an iron worker for Allen's Iron Works and was adjudged to have sustained a ten percent permanent partial disability to the body as a whole; in February, 1971, he suffered a second injury to his back while employed by Veteran's Iron Works and was adjudged to have sustained a twenty percent permanent partial disability to his body as a whole as a result of that injury; and on November 16, 1971, he sustained a third injury to his back—the injury that precipitated the present action. The appellee charged that these injuries to his back, coupled with the pre-existing total deafness in both ears, "have resulted in 100% industrial and economic disability to the body as a whole . . . ," and asked that the Second Injury Fund be required to bear its proportionate share of the permanent disability.

Appellee also averred specifically that the original complaint was timely filed and that it tolled the running of the statute of limitations with respect to appellee's claim against the Second Injury Fund.

Thereafter, on October 15, 1973, the action against Cash Iron Company was voluntarily dismissed, leaving as defendants The Travelers Insurance Company and the Second Injury Fund.

On November 7, 1973, appellant filed an answer which included a denial of appellee's allegation that the statute of limitations had been tolled by the filing of the complaint.

The trial judge found that the appellee was totally and permanently disabled attributing fifty-five percent of the disability to the injury of November 16, 1971, and forty-five percent to the pre-existing deafness in both ears. The trial judge also concluded the action against the custodian of the Second Injury Fund was not barred by the statute of limitations and entered judgment against the Fund for benefits due for the disability attributable to the pre-existing deafness.

■ The predicate of the trial judge's holding that the appellee's claim against the Second Injury Fund was not barred by the statute of limitations was two-fold. First, the trial judge concluded the pleadings in this case were not sufficient to raise the issue. Second, the trial judge concluded appellee's action against the Fund did not mature and the statute of limitations did not begin to run until appellee's disability had been established. The plea of the statute of limitations is an affirmative defense and facts sufficient to show that a party is relying on the statute must be affirmatively set forth "in short and plain terms." Rule 8.03 of the Tennessee Rules of Civil Procedure. Usually, this is done by the defendant in pleading to the complaint. However, in this case, though under no duty to do so, appellee undertook to raise the issue of the statute of limitations in his complaint by averring facts that of themselves indicated the time of filing against the Second Injury Fund had passed, and specifically averred a proposition of law which the appellee contended was sufficient to toll the statute.

The appellant joined issue with the plea. This in our opinion was sufficient to serve notice on appellee that the statute of limitations was an issue and to meet the requirements of Rule 8.03 in light of the admonition in Rule 1 that the Rules of Civil Procedure are to be construed to secure the just, speedy, and inexpensive determination of every action.

This leaves us with the primary question, which is, whether the statute of limitation applicable to workmen's compensation cases generally also applies to claims against the Second Injury Fund. It is generally conceded that if it does, appellee's claim against the Fund is barred.

The Second Injury Fund is incorporated in and is an integral part of the Workmen's Compensation Act. T.C.A. Sections 50–901 through 50–1211. T.C.A. 50–1027, which creates the Fund, provides essentially that where an employee, who has a permanent partial disability, receives a subsequent compensable injury which of itself would not result in total disability but when combined with the prior disability does cause total disability, the employer is liable only for the disability that would have resulted from the latter injury. The remainder of the compensation due for the combined disabilities is the liability of the Second Injury Fund.

■ T.C.A. 50–1006 provides that the State Treasurer, as custodian of the Second Injury Fund, is to be made a party in all proceedings under the workmen's compensation act involving a subsequent injury wherein the employee would be entitled to receive or is claiming compensation from the Second Injury Fund. This, to us, is an indication on the part of the legislature that an employee's claim against the Second Injury Fund is to be litigated at the same time as the employee's claim against him employer.

The time limitation on filing of a workmen's compensation claim is set forth in T.C.A. Section 50–1017(1) as follows:

". . . Actions or proceedings by an injured employee to determine or recover compensation, one (1) year after the occurrence of the injury; except as provided in § 50–1003."

Section 50–1003 provides that on the voluntary payment by the employer of benefits under the workmen's compensation law, the one year period of limitation will be measured "from the time the employer shall cease making such payments." No specific reference is made in either of the limitation statutes to the filing of a claim by the employee against the Second Injury Fund, nor is any reference made to limitation of actions in the Code section creating the Second Injury Fund.

■ We think it evident that by placing the Second Injury Fund into the workmen's compensation act and remaining silent as to the time in which a claim against the Fund is to be filed, while at the same time expressing an intent that the claim against the Fund is to be tried with the employee's claim against his employer, the legislature of this State intended the time limitation on the filing of a workmen's compensation action against the employer be equally applicable to a claim against the Second Injury Fund. If the legislature had intended to provide a different period of time within which to file a claim against the Fund, it could have easily incorporated such a provision in the amendment to the Workmen's Compensation Act which created the Fund.

The Workmen's Compensation Act of Texas is similar to the one in this state. The Act contains a general statute of limitations on workmen's compensation claims which makes no reference to claims against the Second Injury Fund. In holding that the general statute of limitations was applicable to claims against the Second Injury Fund and that the statute of limitation began to run on the date the employee sustained an injury, the court reasoned in

Industrial Accident Board v. Guidry, 162 Tex. 160, 345 S.W.2d 509, 512 (1961) that:

"Since the Second Injury Fund Sections . . . are an integral part of the Workmen's Compensation Act, and since they do not in and of themselves provide for notice to and claim against the Second Injury Fund, we necessarily must read into the Second Injury Fund Sections the provisions of the Workmen's Compensation Act which provide the time . . . for filing of a claim against the insurance carrier. By placing the Second Injury Fund Section, supra, into the Workmen's Compensation Act and by remaining silent as to the manner in which a claim against the Second Injury Fund is to be perfected and considered, the legislature undoubtedly intended that the established procedure of administrative disposition by the Board, and *all* pertinent provisions of the Act for that matter, be equally applicable to a claim against the Second Injury Fund as they are applicable to claims against insurance carriers. . . ."

For decisions of like import see, Grant v. Neal, 381 S.W.2d 838 (Mo.1964); Ruffin v. Albright, 121 N.J.L. 424, 3 A.2d 135 (1938), aff'd 124 N.J.L. 449, 12 A.2d 676; Special Indemnity Fund v. Barnes, 434 P. 2d 218 (Okl.1967).

A number of cases from other jurisdictions have been cited to us on the issue of the statute of limitation. We have considered them and found them to be inapposite as the statutes they undertake to interpret are markedly different from the Workmen's Compensation Act of this State.

We hold that the statute of limitation set forth in the Workmen's Compensation Act of this State is applicable to all claims for benefits under the Act, including claims against the Second Injury Fund.

 Appellant suggests in his brief that the Second Injury Fund is for the benefit of Traveler's Insurance Company, not the appellant, and reasons that Traveler's should be required to pay appellee the benefits that would have been paid by the Fund if the claim against the Fund had been prosecuted in time. For us to rule as suggested by appellant, we would have to ignore the clear statement of the legislature that where an employee has a claim against the Second Injury Fund, the employer and its insurance carrier are liable for payment of benefits "only for the disability that would have resulted from the latter injury and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier." This we can not do.

The judgment awarding appellee benefits to be paid by the Second Injury Fund is reversed. The remainder of the judgment is affirmed. Costs incident to the appeal are adjudged against appellee, Willie B. Austin.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.