**UNITED STATES PIPE & FOUNDRY COMPANY, Plaintiff–Amicus Curiae,**

v.

**Clarence Leander JOHNSON Defendant–Appellant,**

and

**Sue Ann Head, Director of Workers' Compensation Division, State of Tennessee, in her capacity as Custodian of the Second Injury Fund of Tennessee, Defendant–Appellee.**

No. 90–5012.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 10, 1990.

Decided March 8, 1991.

Phillip A. Fleissner, Robert L. Widerkehr, Fleissner, Cooper & Marcus, Chattanooga, Tenn., for U.S. Pipe & Foundry Co. amicus curiae.

Thomas J. Wright, Dietzen, Atchley & Wright, Chattanooga, Tenn., for Clarence Leander Johnson.

Dianne Stamey Dycus, Asst. Atty. Gen., Angela D. Stamey, Charles W. Burson, Atty. Gen., Nashville, Tenn., for Sue Ann Head.

Before NELSON, Circuit Judge; WELLFORD, Senior Circuit Judge *; JOINER, Senior District Judge.**

---

* The Honorable Harry W. Wellford assumed senior status on January 21, 1991.

JOINER, Senior District Judge.

Plaintiff, United States Pipe & Foundry Company (U.S. Pipe), filed this action asking the court to determine its liability as an employer under the Tennessee Workers' Compensation Act, Tenn.Code Ann. § 50-6-101 *et seq.*, to defendant, Clarence Leander Johnson, an injured employee. An amended complaint was subsequently filed, adding defendant, Sue Ann Head, Director of the Workers' Compensation Division of the State of Tennessee (the Director), solely in her official capacity as Custodian of the Second Injury Fund of Tennessee (the Fund). On behalf of the State Department of Labor, the Attorney General of Tennessee moved to dismiss the claim against the Director for lack of jurisdiction over the state defendant on the ground of sovereign immunity. The parties stipulated to the matter being submitted to a magistrate for resolution. The magistrate granted the motion to dismiss the claim against the Fund. An agreed judgment was entered against plaintiff U.S. Pipe, and in favor of defendant Johnson, in the amount of $45,000, in settlement of Johnson's claims against U.S. Pipe. The magistrate granted the motion to dismiss the claim against the Director. After this matter was submitted to this court, the parties were asked to brief the court in light of the settlement of Johnson's claim against U.S. Pipe.

■ All parties agree that, although there is no existing controversy between U.S. Pipe and Johnson, there is such a controversy between Johnson and the Director under the existing Tennessee statutes and common law. Tenn.Code Ann. § 50-6-206; *Dailey v. Southern Heel Co.,* 785 S.W.2d 344 (Tenn.1990). We agree. The fact that Director Head, as Custodian of the Second Injury Fund, was made a party to this case requires the court to "determine the right of the claimant to receive compensation from such fund." Tenn.Code Ann. § 50-6-206. The statutory framework of Tennessee law does not

---

** Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

require the *claimant* to make a formal request for relief from the Fund to present a case for determining the liability of the Fund. Having determined that there is a case or controversy over which we have jurisdiction, we turn our attention to claims presented in the appeal.

The issue on appeal is whether the court erred in holding that actions against the Director of the Fund to obtain a judgment from the Fund are suits against the state and, therefore, that the Fund is protected by the immunity provided by the eleventh amendment to the United States Constitution. For the reasons stated herein, we affirm.

The Fund compensates workers who, like Johnson, have suffered a second disabling injury. The Fund is administered by a state official—the Director of the Department of Labor—and consists of amounts appropriated by the legislature from a state tax on workers' compensation insurers. U.S. Pipe argues that various characteristics of the Fund deprive the Fund of sovereign immunity. Specifically, U.S. Pipe asserts that the application of the tax assessment for the Fund, to workers' compensation insurers as opposed to "the public sector," and the fact that the Fund is a fiduciary trust, are significant to the sovereign immunity analysis. U.S. Pipe relies upon a provision relating to the Fund which states:

> The sums collected by the director as provided herein shall be deposited by him in a special fund which shall be termed the "second injury fund" to be disbursed by him only for the purposes stated in this section and shall not at any time be appropriated or diverted to any other purpose. The director shall not invest any moneys in the "second injury fund" in any other manner than is provided by the general laws of the state for investments of funds in the hands of the state treasurer. Disbursements from the fund shall be made by the director only after receipt by him of a certified copy of the

court decree awarding such compensation as is provided for herein....

Tenn.Code Ann. § 50-6-208(e). U.S. Pipe contends that a state fund which is for a particular purpose, not subject to appropriation for any other purpose, and subject to court decrees, is not immune from suit to force the trustee to act in accordance with the purposes of the fund, citing American Jurisprudence 3d and cases from state supreme courts. *Gronning v. Smart*, 561 P.2d 690 (Utah 1977); *Moran v. State ex rel. Derryberry*, 534 P.2d 1282 (Okla.1975); *Thompson v. Kentucky Reinsurance Ass'n*, 710 S.W.2d 854 (Ky.1986). These arguments misconceive the nature of the inquiry. This case involves an inquiry into the application of the eleventh amendment and an examination of the policies inherent in a federal system of government. It involves the question of whether a federal court should be involved in determining states' liabilities.

The inquiry in the *Gronning, Moran,* and *Thompson* cases cited by U.S. Pipe is different than that here. There, state courts were simply exercising their authority to decide whether and how the state should be sued in its courts. The state court decisions cited by U.S. Pipe are inapplicable because state law decisions on the immunity of a state from suit use a different analysis than that used by the federal courts to determine the state immunity from federal suit, for the same reason that the latter analysis differs from the federal courts' analysis of whether the United States has waived its sovereign immunity. When the sovereign's own courts speak, there is no reason to suppose that insufficient deference will be given to the prerogatives of sovereignty. Federal courts, however, give state sovereignty great deference pursuant to the eleventh amendment.[1]

■■■ The Supreme Court has held that the eleventh amendment prohibits federal courts from ordering state officials to con-

---

**1.** The eleventh amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

form their conduct to state law. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) *(Pennhurst II).* The Supreme Court has further held in cases in recent years that federal courts will not find a waiver of state sovereign immunity without an express waiver in the language of the state statute. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1984); *Pennhurst II,* 465 U.S. at 99, 104 S.Ct. at 907. The claim by U.S. Pipe of implied waiver of Tennessee's sovereign immunity violates the eleventh amendment limits on the jurisdiction of federal courts.

■ U.S. Pipe cites no federal decisions in support of its contention that there is a "trust fund exception to the public fund doctrine." Under the federal courts' eleventh amendment analysis, as discussed above, Tennessee's sovereign immunity is not waived under any circumstances except when it is expressly done, which U.S. Pipe does not show to be the case.

The Fund was instituted for a public purpose, the compensation of workers for second injuries. The Fund is generated by the power of the state through taxes levied pursuant to statutes passed by the legislature. The Fund is managed by a state official, the Director of the Department of Labor. The fact that the Fund is earmarked for a described but limited purpose, and the fact that Tennessee law gives Tennessee courts jurisdiction over the Fund, does not in any way remove the protection, as granted by the eleventh amendment, from federal suit against the Fund.

AFFIRMED.

WELLFORD, Senior Circuit Judge, dissenting:

Suit was instituted by plaintiff U.S. Pipe & Foundry (U.S. Pipe) initially seeking a declaration of its rights and responsibilities as employer of defendant Clarence L. Johnson (Johnson), who was injured while on the job at U.S. Pipe's plant. The dispute involved interpretation of TCA §§ 50–6–206

and –208, Tennessee's so-called Second Injury Fund provision of its Workers' Compensation Law. In response, Johnson admitted diversity jurisdiction and sought total permanent disability benefits. More than three months after the initial filing, and after defendant Johnson's answer, plaintiff moved to add a party defendant, Sue Ann Head, Director of the Workers' Compensation Division of the State of Tennessee (in her capacity as Custodian of the Second Injury Fund), and the motion was granted. The Tennessee Attorney General, acting for Head, moved to dismiss claiming lack of jurisdiction over the State defendant based upon Eleventh Amendment principles. The State Attorney General also stated that: "The claim against the Second Injury Fund is not being litigated at the same time as the claim against the employer as required by TCA § 50–6–206." (Supp.Br. at p. 5).

A magistrate, to whom the controversy was assigned, granted the State defendant's motion to dismiss, citing *Shaw v. Goodyear Tire & Rubber Co.,* No. 87–1208 (Mar. 28, 1988 W.D.Tenn.). Johnson then appealed to this court. Filing a brief to appear as amicus curiae, U.S. Pipe stated:

the judicially-approved settlement embodied in the Judgment between U.S. Pipe & Foundry Company and Clarence L. Johnson served to eliminate, with the wisdom of hindsight, any case or controversy between U.S. Pipe and any other pending party to this litigation. Accordingly, after discussions with representatives of the court, counsel for the United States Pipe & Foundry Company agreed to dismiss the appeal of U.S. Pipe & Foundry Company because of the absence of any continuing case and controversy.

(Amicus Curiae Brief at 1, 2).

In light of the consent or agreed judgment between U.S. Pipe and Johnson, the original parties, there is no case or controversy that persists in connection with the district court's ruling as to Sue Ann Head. *(See* District Court Docket Entry). There is no basis for any continuing jurisdiction

**300**

in this matter after September 19, 1989.[1] The appeal should be dismissed for lack of jurisdiction.

An appellate court does not render advisory opinions, and certainly we have no business unnecessarily adjudging the question of Eleventh Amendment immunity of the Second Injury Fund custodian under the Tennessee Workmen's Compensation law in federal court. Federal courts are limited to the adjudication of actual ongoing controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988). *See also Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975).

Since we have no jurisdiction, I dissent from any order considering the status of Head or the Second Injury Fund.

---

**1.** The docket entry for September 19, 1989, refers to a monetary compromise settlement between U.S. Pipe and Johnson and dismissal of Sue Ann Head. It also refers to dismissal of an action by Johnson versus USF & G (presumably the compensation carrier).