**Gary FARR, Plaintiff–Appellant,**

v.

**Sue Ann HEAD, Director of the Division of Workers Compensation, Tennessee Department of Labor, Second Injury Fund, Defendant–Appellee.**

Supreme Court of Tennessee,
at Jackson.

June 10, 1991.

Sam G. Smith, Jr., Moore & Smith, Knoxville, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. & Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

In this workers' compensation appeal, the employee, Gary Farr, Plaintiff–Appellant, appeals the dismissal of his complaint for workers compensation benefits filed against the Second Injury Fund, Defendant–Appellee, by the Circuit Court of Sevier County. The sole issue in this case is whether the trial court erred in dismissing the complaint when the employee had previously settled with the employer in a different court in another county wherein the Second Injury Fund was not made a party and had no notice that such litigation was being conducted by the employer and employee. For the reasons set forth below, we affirm the disposition made by the trial court.

The facts in this record are undisputed. The Plaintiff was first injured while working for Family Inns of America in 1982. The injury that he sustained was diagnosed as a ruptured disc, and the resulting workers' compensation claim was settled for 85 percent permanent partial disability to the body as a whole. Then, in 1988, he injured his back a second time while employed by Great Smokies Restaurant, Inc., settling his claim for five percent permanent partial disability to the body as a whole. After returning to work for the same employer, Great Smokies, the Plaintiff sustained yet another back injury in 1989. The matter was settled, and an order entered by the Chancery Court for Knox County awarding an amount representing ten percent permanent partial disability to the body as a whole. The Second Injury Fund was not made a party to the litigation in Knox County and was not given notice of the settlement proceedings.

Subsequent to the settlement with Great Smokies in Knox County, the Plaintiff sued the Second Injury Fund in Sevier County, pursuant to the provisions of T.C.A. § 50–6–208(b),[1] for the injuries arising out of the 1989 back injury for which he had settled previously with the employer. Neither the employer nor its insurer were named defendants in the Sevier County action. The Second Injury Fund filed a motion to dis-

---

1. T.C.A. § 50–6–208(b) provides in part: "In cases where the injured employee has received or will receive a workers compensation award or awards for permanent disability to the body as a whole and the combination of such awards equals or exceeds one-hundred percent (100%) permanent disability to the body as a whole, the employee shall not be entitled to receive from the employer or its insurance carrier any compensation for permanent disability to the body as a whole that would be in excess of one-hundred percent (100%) permanent disability to the body as a whole, after combining awards. Benefits which may be due the employee for permanent disability to the body as a whole in excess of one-hundred percent (100%) permanent disability to the body as a whole, after combining awards, shall be paid by the Second Injury Fund."

miss based upon the theories of *res judicata*, collateral estoppel, statute of limitations, and failure to join the employer as an indispensable party. The Second Injury Fund further claimed that the Circuit Court of Sevier County did not have jurisdiction to set aside the prior settlement order entered in the Chancery Court for Knox County, approving the settlement between the employee and employer. The trial court in Sevier County entered an order dismissing the Plaintiff's complaint on the basis that the court lacked jurisdiction since the Plaintiff had previously settled his claim against the employer in a different court in a different county. This appeal followed.

The Plaintiff cites *Dailey v. Southern Heel Co.*, 785 S.W.2d 344 (Tenn.1990), as support for his proposition that the trial court erred in dismissing the complaint against the Second Injury Fund filed in Sevier County. In *Dailey*, the employee sued his employer and its insurance carrier after he sustained a series of substantial injuries. Thereafter, he amended his complaint to include the Second Injury Fund as a named defendant. However, prior to service of the summons of the amended complaint upon the Second Injury Fund, the trial court entered an order reflecting that the employer and employee had settled the workers compensation claim. In other words, the plaintiff and his employer entered into a settlement agreement without making the Second Injury Fund a party or giving notice of the pending litigation. This Court held that the Second Injury Fund was not relieved of liability by virtue of the prior settlement between the Plaintiff and the employer, but noted that absent party status and notice to the Second Injury Fund, the settlement agreement was voidable at the option of the Second Injury Fund. Speaking for the Court, Justice Fones wrote: "We hold that it was the obvious and inescapable intention of the legislature in mandating the party status of the Second Injury Fund [in T.C.A. § 50–6–206] that it be a party with notice of any hearing for court approval of any settle-

ment involving potential liability of that Fund. Thus, absent party status and notice, the settlement is voidable at the option of the Director." *Dailey*, 785 S.W.2d at 346.

The Plaintiff's reliance upon *Dailey* is misplaced. Although it is true that *Dailey* stands for the proposition that the Second Injury Fund is not relieved of liability as a matter of law when it is not made a party to prior settlement proceedings between an employer and employee, there are significant differences between *Dailey* and the instant case. Perhaps most important of these differences is that in *Dailey*, the claim against the Second Injury Fund was filed in the same action and in the same court and county as the claim against the employer. Thus, the trial court in *Dailey* had the authority to set aside the previous settlement in resolving the claim against the Second Injury Fund. In the case at hand, however, not only was the original complaint against the employer not amended to add the Second Injury Fund as a defendant, but the Plaintiff filed the action against the Second Injury Fund in a different court in a different county. Thus, two entirely different lawsuits were filed and the Circuit Court for Sevier County had no jurisdiction to set aside the previous settlement entered in the Chancery Court for Knox County, unlike the situation in *Dailey*.

Moreover, pursuant to T.C.A. § 50–6–208(b)(2), any claim against the Second Injury Fund must be made in the manner prescribed in T.C.A. § 50–6–206. Under the provisons of T.C.A. § 50–6–206, the Director of the Division of Workers' Compensation of the Department of Labor "shall be made" a party defendant to the settlement proceedings or court proceedings for workers' compensation whenever there is potential liability as to the fund. This Court has previously recognized that the provisions of this statute require that the Second Injury Fund be made a party to any proceedings in which the employee is claiming compensation from the Second Injury Fund. *Travelers Insurance Company v. Austin*, 521 S.W.2d 783 (Tenn.1975). In

*Travelers,* the Court held that this provision is a clear indication that the Legislature intended that an employee's claim against the Second Injury Fund is to be litigated at the same time as the employee's claim against his employer. *Travelers,* 521 S.W.2d at 786. The manner in which the Plaintiff elected to proceed in the instant case clearly violates this principle which is obviously based upon policy concerns related to judicial economy and the like.

Finally, the Plaintiff in this case made the decision not to name the Second Injury Fund as a defendant in the action before the Chancery Court for Knox County. Plaintiff also chose to file this action in a different forum than the previous one. Therefore, the burden should not be placed upon the Second Injury Fund to seek to set aside the previous order as urged by the employee. As the Plaintiff is seeking compensation from the Second Injury Fund under T.C.A. § 50–6–208, the burden should be on him to establish that he is entitled to benefits and should be required to comply with the provisions of T.C.A. § 50–6–206. T.C.A. § 50–6–206 clearly indicates that, if a claim is asserted or could be asserted against the Second Injury Fund, the Second Injury Fund must be made a party to the proceedings against the employer. There is no dispute that the Plaintiff failed to comply with the requirements of this statute.

We hold that the trial court's dismissal of the employee's complaint filed against the Second Injury Fund in Sevier County was proper. At this point, the employee's remedy, if any, appears to be to attempt to have the settlement in the Knox County action set aside and, if successful, name the Second Injury Fund as a party in compliance with the mandate contained in T.C.A. § 50–6–206. Costs of this appeal shall be taxed against the Appellant.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.