Floyd GIBSON, Plaintiff–Appellee,

v.

SWANSON PLATING AND MACHINE OF KENTUCKY, INC., and Sue Ann Head, Director of Workers' Compensation, Tennessee Department of Labor, Second Injury Fund, Defendants–Appellants.

Supreme Court of Tennessee,
at Knoxville.

Nov. 12, 1991.

Charles W. Burson, Atty. Gen. & Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for defendants-appellants.

Lee Dan Stone, III, Dennis Michael Robertson, Tazewell, for plaintiff-appellee.

## OPINION

DAUGHTREY, Justice.

This is an appeal by the Second Injury Fund from the trial court's determination that the Fund is liable for a portion of the workers' compensation award to the plaintiff, Floyd Gibson. The Fund contends that the chancellor erred in finding that Gibson had filed his claim against the Fund within the one-year statute of limitations. We agree with the chancellor's ruling that the claim was not barred by the statute of limitations and affirm.

Resolution of this controversy requires us to determine when the statute of limitations began to run. In making this determination, we are presented with a question of first impression, although it is one that is not likely to recur with any frequency because of the unusual facts in this case.

The plaintiff, Floyd Gibson, was a 58–year–old welder who had worked for almost 20 years in a coal mine in Kentucky. In 1986, he was diagnosed as suffering from black lung disease, and the following year, he filed an action for workers' compensation in Kentucky, seeking recovery for his lung condition. In the meantime, he had gone to work in Tennessee for the Swanson Plating and Machine Company. On May 27, 1987, a week after the Kentucky compensation claim was filed, Gibson suffered a bad fall at work, resulting in a second compensable injury. He filed a Tennessee claim for workers' compensation for this injury on October 5, 1987.

Some two years later, on October 23, 1989, the plaintiff was awarded 50 percent permanent disability in the Kentucky case. Within one year of that judgment, on October 2, 1990, the plaintiff joined the Second Injury Fund as a defendant in the Tennessee action. The Fund promptly moved to be dismissed, claiming that the statute of limitations had expired, but the motion to dismiss was overruled by the trial judge. Final judgment was entered in the plaintiff's favor on May 23, 1991, awarding him permanent total disability to the body as a whole. The Second Injury Fund was held responsible for 50 percent of that award.

The Second Injury Fund has appealed, arguing that because the plaintiff's claim against the Fund was filed more than one year after the second injury occurred, it is barred by the statute of limitations. The Fund relies upon this Court's construction of the predecessor to T.C.A. § 50–6–203 in *Travelers Insurance Co. v. Austin,* in which we held that the statute of limitations for claims against the Second Injury Fund begins to run one year from the time of the injury or from cessation of voluntary payments by the employer. 521 S.W.2d 783, 786 (Tenn.1975). Because the plaintiff was injured more than three years prior to filing a claim against the Fund and voluntary payments were never received, the Fund asserts that the action against the Fund was not filed within the statute of limitations.[1]

In support of its argument, the Fund relies upon *Hawkins v. Consolidated Aluminum Corporation,* in which we held that the statute of limitations in a workers' compensation case begins to run once the employee knows or has reason to know that a compensable injury has been sustained. 742 S.W.2d 253, 255 (Tenn.1987). The Fund contends that the plaintiff in this case should have known that he had a potential claim against the Fund when he filed suit against Swanson Plating in Tennessee, because at that time he had pending a claim for a prior compensable injury in the other suit in Kentucky.[2] The Fund thus insists that the statute of limitations began to run in the Fund's favor on the date that Gibson sustained the second injury and urges this Court not to hold that it was tolled pending final judgment in the Kentucky action.

The precise issue before us is whether the one-year statute of limitations on the plaintiff's claim against the Second Injury Fund began to run on the date of the second injury, or on the date of adjudication of the permanent partial disability award from the plaintiff's first injury. We conclude that the better-reasoned approach is to hold that the statute begins to run when recovery of an award for a prior injury actually materializes, and not, as the Fund advocates, when an employee has knowledge of a potential claim.

In reaching this conclusion, we are not unmindful of our prior decisions in *Farr v. Head,* 811 S.W.2d 894, 897 (Tenn.1991), and *Travelers, supra,* 521 S.W.2d 783. In those cases we ruled that an employee's claim against the Second Injury Fund must be litigated at the same time as an action against the employer. It does not follow, however, that the statute of limitations necessarily begins to run in favor of the Fund at the same moment it begins to run in the employer's favor.

Indeed, logic would seem to dictate that an employee cannot be held to have knowledge of a claim against the Second Injury Fund until that claim actually arises—which in this case was not until the first permanent disability was adjudicated. Moreover, this logical proposition is consistent with our prior rulings on the accrual of a right of action. Tennessee law recognizes that, ordinarily, a statute of limitations begins to run when a plaintiff has a cause of action and can bring suit. *Armistead v. Clarksville–Montgomery Co. School System,* 222 Tenn. 486, 437 S.W.2d 527, 528–29 (1969); *Henwood v. McCallum & Robinson, Inc.,* 179 Tenn. 531, 167 S.W.2d 981, 982 (1943). Likewise, federal courts construing Tennessee law have held that a cause of action does not accrue until a suit can be maintained. *Hodge v. Service Machine Co.,* 438 F.2d 347, 349 (6th Cir. 1971); *Collier v. Goessling,* 160 F. 604, 611 (6th Cir.1908), cert. den., 215 U.S. 596, 30

---

1. The defendant-employer also filed a brief asserting that the 50 percent award assessed to it should stand even if this Court reversed the award against the Fund. Because we uphold the finding of the trial court as to the Fund, the defendant's contention is moot.

2. The Fund also asserts that the plaintiff should have known of another potential claim against the Fund since the defendant knew of the plaintiff's heart condition and that the plaintiff suffered a heart attack while employed by the defendant. *See* T.C.A. 50–6–208(a). The plaintiff did not claim the coronary trouble as a compensable injury, and we find it irrelevant as to the question of when he should have known of a claim against the Fund for the hip injury involved here.

S.Ct. 399, 54 L.Ed. 342 (1909). Additionally, there must be someone capable of suing before the statute of limitations can run. *Collier*, 160 F. at 611.

Applying these authorities to the facts in this case, we conclude that prior to entry of the initial judgment regarding the plaintiff's disability, no successful claim against the Fund was possible. Because an action against the Fund could not have been maintained, dismissal would have been appropriate on the ground of prematurity. The statute could not, therefore, begin to run before adjudication of a first injury.

We hold that the judgment of the Kentucky court awarding permanent disability triggered the statute of limitations as to the Second Injury Fund's liability in the Tennessee action. To rule otherwise would require an employee to file a non-justiciable claim—one which could not be heard until determination of a first disability. In cases where no final adjudication of permanent injury from the first injury has occurred, a rule that would require the filing of an anticipatory claim against the Fund would put an unnecessary burden on injured employees, on the Fund, and on an already overtaxed judicial system.

Accordingly, we affirm the judgment of the trial court and assess costs to the Fund.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.