Lamonte PEARSON, Plaintiff–Appellant,

v.

DAY INTERNATIONAL, INC., d/b/a Colonial Rubber Works, Inc. and Reliance Insurance Company, Defendants–Appellees,

and

Sue Ann Head, Director of the Division of Workers' Compensation, Tennessee Department of Labor, Second Injury Fund, Defendant–Appellee.

Supreme Court of Tennessee,
at Jackson.

July 11, 1996.

Richard M. Murrell, Memphis, for Plaintiff–Appellant.

Charles W. Burson, Atty. Gen. and Reporter, Sandra E. Keith, Asst. Atty. Gen., Nashville, for Defendant–Appellee.

## JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well-taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Panel's opinion shall be published.

Cost will be paid by plaintiff/appellant and surety, for which execution may issue if necessary.

REID, J., not participating.

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT JACKSON

(October 9, 1995 Session)
MAILED APRIL 29, 1996

*Members of Panel:*

LYLE REID, Associate Justice, Supreme Court, and JOE C. LOSER and JANICE M. HOLDER, Special Judges.

## MEMORANDUM OPINION

JANICE M. HOLDER, Special Judge.

This workers' compensation appeal has been referred to the Special Worker's Compensation Appeals Panel of the Supreme Court pursuant to Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. The sole issue for review is the trial court's determination that an amended complaint filed against the Second Injury Fund was barred by the statute of limitations. For the following reasons, we affirm the decision of the trial court.

On January 26, 1989, Lamonte Pearson ("Mr. Pearson") injured his back in an automobile accident that was not work related. Mr. Pearson's lawsuit was apparently unsuccessful at trial and no damages were awarded. On March 4, 1991, he again injured his back in the course of his employment with Day International, d/b/a Colonial Rubber Works, Inc. and was treated by the same physician. A complaint for worker's compensation benefits was timely filed on April 15, 1991. The complaint alleged that Mr. Pearson "suffered, and will continue to suffer, temporary total, temporary partial and possibly permanent total disability as a result of this work related injury." His prayer for relief requested an award of "such further temporary total, temporary partial, permanent partial, or permanent total disability and medical expenses to which this Court finds him entitled ..."

A motion to amend the complaint was filed on April 24, 1992, and leave to amend was granted on the same date. An amended complaint adding the Second Injury Fund was filed on May 29, 1992, more than one (1) year after the work related injury. The amended complaint further alleges that Mr. Pearson had previously sustained a permanent physical disability capable of supporting a workers' compensation award if it had arisen out of and in the course of employment and that he had become permanently and totally disabled through the subsequent work related injury. The Second Injury Fund asserted the bar of the statute of limitations.

During his deposition in this case, Mr. Pearson's treating physician found him to have a permanent partial disability of 9% to the body as a whole as a result of the non-work related incident and 6% to the body as a whole as a result of the work related incident, or a 12% combined impairment rating under the AMA Guidelines.

The trial court found Mr. Pearson to be 100% disabled and apportioned 45% of the award to Colonial and 55% to the Second Injury Fund; the court ruled that recovery against the Second Injury Fund was barred by the statute of limitations. Mr. Pearson appeals only from the ruling barring recovery against the Second Injury Fund.

Mr. Pearson contends that the statute of limitations should begin to run from the time that he was determined to be disabled because of the combination of two or more injuries and not on the date of the work related injury. He argues that it would be against public policy to encourage an injured employee with a preexisting condition to claim total disability before the employee exhausted the possibilities of returning to productive work. In support of his position, Mr. Pearson contends that the testimony showed that Mr. Pearson was 100% disabled only after extensive evaluation and testing completed sometime after September 10, 1991.

The Court has addressed the statute of limitations applicable to the Second Injury Fund in *Travelers Insurance Company v. Austin,* 521 S.W.2d 783 (Tenn.1975) and *Gibson v. Swanson Plating and Machine of Kentucky, Inc.,* 819 S.W.2d 796 (Tenn.1991). The Second Injury Fund contends that *Aus-*

*tin* is controlling; the plaintiff argues that *Gibson* is controlling.

In *Austin*, the plaintiff first alleged that he was totally disabled on the open labor market as the result of a work related injury on November 16, 1971. Almost two years later, he filed an amended complaint that detailed other disabilities and injuries he suffered. These included prior adjudications of permanent partial disability to the body as a whole totaling 30% and a loss of hearing in both ears for which there had been no disability rating given. In the amended complaint, he charged that the prior injuries, coupled with the injury originally the subject of the suit, resulted in 100% disability. The trial judge awarded 45% disability to the preexisting conditions and 55% to the injury of November 16, 1971, and found that the action against the Second Injury Fund was not barred.

In reversing, the Court held that recovery against the Second Injury Fund was time barred. The time limitation for workers' compensation actions, currently contained in T.C.A. § 50–6–203, requires suit to be brought within one (1) year after the injury. It contains no special reference to a Second Injury Fund claim, and the section creating the Second Injury Fund contains no separate statute of limitations. The Court concluded that the legislature intended the time limitation for filing a workers' compensation action against the employer to be equally applicable to a claim against the Second Injury Fund. *Id.* at 786.

In *Gibson*, the plaintiff filed a worker's compensation claim in Kentucky seeking compensation for black lung disease. Soon after the filing of the claim, he suffered a fall that resulted in a second compensable injury under Tennessee law; he filed a claim for benefits in the same year. Two years after filing the Tennessee claim, he was awarded 50% permanent partial disability in the Kentucky case, and within one (1) year of that judgment he joined the Second Injury Fund in the Tennessee case.

The Court ruled that the one-year statute of limitations began to run on the date of the adjudication of the disability award in Kentucky, not on the date of the second injury.

The Court rejected the Second Injury Fund's position that the plaintiff was on notice of a potential claim against the Second Injury Fund when he filed suit in Tennessee with a claim pending in Kentucky. The statute of limitations begins to run "when recovery of an award for a prior injury actually materializes, and not ... when an employee has knowledge of a potential claim." *Gibson* at 797. "To rule otherwise would require an employee to file a non-justiciable claim—one which could not be heard until determination of a first disability." *Id.* at 798.

*Gibson* was a case decided under subsection (b) of the Second Injury Fund statute, since it involved a prior workers' compensation award. That subsection allows recovery against the Second Injury Fund for awards that equal or exceed 100%. Second Injury Fund benefits are computed by combining the workers' compensation awards; awards for disability in excess of 100% are paid by the Fund. Unless the awards are adjudicated, the awards quite obviously cannot be combined.

In contrast, the *Austin* case was filed under subsection (a) of the statute. This subsection applies to employees who first sustain a permanent physical disability from any cause or origin and then become permanently and totally disabled by a later injury. The employer is responsible for the disability from the later work related injury; the Second Injury Fund is responsible for the preexisting portion of the disability.

Because the plaintiff in *Gibson* fell under T.C.A. § 50–6–208(b), which requires a previous workers' compensation award, he could not recover under that subsection until the first compensation award was made. A case brought under T.C.A. § 50–6–208(a), on the other hand, requires no prior adjudication. Presumably the Court recognized the uniqueness of the factual situation in *Gibson* when it stated,

> Resolution of this controversy requires us to determine when the statute of limitations began to run. In making this determination, we are presented with a question of first impression, although it is one that

is not likely to recur with any frequency because of the unusual facts in this case.

*Gibson* at 796.

Unlike the plaintiff in *Gibson*, Mr. Pearson was not awaiting the outcome of a prior lawsuit to determine whether a permanent disability existed or an impairment rating would be given. His right to recover against the Second Injury Fund was not dependent on the outcome of his prior lawsuit. Mr. Pearson suffered a permanent physical disability, as required by subsection (a), as a result of the non-work related injury. Although his lawsuit was unsuccessful, the extent of his prior disability was ascertainable. He was treated by the same physician for both injuries; that physician ultimately gave impairment ratings for both the work and non-work related injuries. Moreover, although Mr. Pearson alleges total disability was not contemplated until at least September, 1991, he alleged in his original complaint that he might be permanently and totally disabled as a result of the work related incident.

This case is more squarely aligned with the reasoning in *Travelers Insurance Co. v. Austin, supra.* We hold that an action against the Second Injury Fund under T.C.A. § 50–6–208(a) must be commenced within one year after the occurrence of the injury, as required by T.C.A. § 50–6–224(1) or, if the employer has made voluntary payment of compensation benefits within that period, within one year after the cessation of benefits, as required by T.C.A. § 50–6–203.

LYLE REID, Associate Justice, and JOE C. LOSER, Jr., Special Judge, concur.