# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 27, 2012 Session

## DAVID R. SMITH v. TENNESSEE NATIONAL GUARD

**Appeal from the Circuit Court for Davidson County**
**No. 11C3080      Thomas W. Brothers, Judge**

---

**No. M2012-00160-COA-R3-CV - Filed August 8, 2012**

---

Plaintiff was a full-time employee of the Tennessee National Guard until 2002 when he commenced active duty service in the Active Guard and Reserve. Near the completion of his active duty service in the Active Guard and Reserve, Plaintiff asked the Tennessee National Guard to rehire him pursuant to the Uniformed Service Employment and Reemployment Rights Act of 1994 (USERRA). When the Tennessee National Guard refused, Plaintiff filed this action alleging it violated USERRA. The Tennessee National Guard responded to the complaint by filing a Tenn. R. Civ. P. 12.02(6) motion to dismiss for lack of subject matter jurisdiction based upon sovereign immunity from USERRA claims. The trial court granted the motion to dismiss based on the doctrine of sovereign immunity. Because the Tennessee General Assembly has not passed legislation to expressly waive its sovereign immunity from claims based on USERRA, as other states have done, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and JEFFREY S. BIVINS, SP. J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, David R. Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Kevin G. Steiling, Deputy Attorney General; and Michael K. Markham, Assistant Attorney General, for the appellee, Tennessee National Guard.

## OPINION

This appeal arises from the grant of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for lack of subject matter jurisdiction. The standards by which Tennessee courts are to assess a Rule 12.02(6) motion to dismiss are well established. As our Supreme

Court stated in *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. Jul. 21, 2011), "[a] Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id*. "The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.* By filing a motion to dismiss the defendant "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (citing *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005))).

The only pleading filed in this action is the Complaint filed by Lieutenant Colonel David R. Smith ("Plaintiff"), and we quote below the relevant portions of his Complaint:

## COMPLAINT

Comes the Plaintiff complaining of the Defendant [the Tennessee National Guard] and would show unto the Court:

1.  Jurisdiction.  This Court has jurisdiction to hear this case pursuant to Title 38 U.S.C. § 4323 (a)(3)(A)(b)(2) in that this is a case brought under the authority of Title 38 U.S.C. § 4311 *et seq.*, the Uniformed Service employment and Reemployment Rights Act of 1994 (USERRA), a Federal Law.

2.  Parties.

2.1  Plaintiff.  The Plaintiff, David R. Smith (LTG Smith), is a resident and citizen of the State of Tennessee. At all times mentioned in this complaint he was a member of the Tennessee Air National Guard (TNANG) with the rank of Lieutenant-Colonel.

2.2  Defendant.  The Defendant, Tennessee National Guard (TNNG), is an entity of the sovereign State of Tennessee.

3.  Facts. LTC Smith has been a member of the TNNG since 1993. On February 1, 2002, LTC Smith was hired as a member of the Active Guard and Reserve (AGR). An AGR employee is a full-time employee where employment is governed by Title 32 U.S.C. § 502 (f) *et seq*. Guard members serving under the provisions of Title 10 are placed in the State of Temporary Duty (TDY).

3.2     In March of 2011 as his TDY was nearing an end, LTC Smith notified the TNNG that he desired to resume his fulltime position in the AGR Program. In April of 2011, TNNG informed LTC Smith that he no longer had a position in the AGR despite the fact that positions had been and were available. And, upon his return from TDY in June of 2011 he, in fact, was not rehired by the TNNG in an AGR position.

3.4     LTC Smith was well qualified for return to the AGR, had in the past performed his job exceptionally, and had merited attendance at the Naval War College, something only the top percent of National Guard officers are selected to do.

4.      <u>USERRA Violation</u>.  TNNG violated Title 38 U.S.C.§4311 *et seq*. by denying LTC Smith reemployment once he was released from TDY based on his membership in the AGR and his obligation as such to perform service in the uniformed service.

5.      <u>Damages</u>.  As a direct and proximate result of the illegal actions of TNNG heretofore set forth in this Complaint, LTC Smith has lost employment, wages and benefits.

        . . . .

The defendant, the Tennessee National Guard, responded to the Complaint by filing a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for lack of subject matter jurisdiction based upon sovereign immunity from USERRA claims. Plaintiff filed a timely response to the motion.

Following a hearing, the trial court granted the motion and dismissed the Complaint because the Tennessee National Guard is a division of the Tennessee Military Department, which is an entity of the State of Tennessee, and the State of Tennessee has not waived its immunity from suit under USERRA. This appeal followed.

**ANALYSIS**

Plaintiff contends the trial court erred in holding that the Tennessee National Guard is protected from his 38 U.S.C. § 4301 *et seq*., USERRA claim by virtue of the doctrine of sovereign immunity. More specifically, Plaintiff contends the Tennessee General Assembly has waived its sovereign immunity for USERRA claims because it made it clear that

protected activities, like protected classes, can be addressed by our courts. Plaintiff asserts that USERRA is a civil rights statute by definition because it creates or defines a protected class (those who serve in the military) and provides for one or more remedies. *See, e.g., Rivers v. Roadway Express, Inc.*, 511 US 298, 308-309 (1990).

In support of his argument that the State has waived sovereign immunity under USERRA, Plaintiff points to several other civil rights statutes enacted by the Tennessee General Assembly. The Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101 *et seq.*, this state's principal civil rights protection statute, was enacted to "[m]ake available to the state their [meaning various classes of persons] full productive capacity in employment." Tenn. Code Ann. § 4-21-101(a)(5). The General Assembly also incorporated the "policies embodied" in federal civil rights legislation. Tenn. Code Ann. § 4-21-101(a)(1). Further, the sovereign itself, the State of Tennessee, is defined as an "employer" in Tennessee Code Annotated § 4-21-102(5), thereby unequivocally waiving sovereign immunity as it pertains to such claims. Similarly, the Tennessee Handicapped Act expressly includes the sovereign, the State of Tennessee, in the definition of an employer. Tenn. Code Ann. § 8-50-103(b).

The Tennessee National Guard insists that the State of Tennessee has not waived its sovereign immunity from USERRA claims. Moreover, it contends that Plaintiff's analogy between USERRA and other employment and civil rights laws, such as the Tennessee Human Rights Act ("THRA") and the Tennessee Disability Act ("TDA") is misplaced because Plaintiff asserts the State of Tennessee *impliedly* waived its immunity from USERRA claims by *expressly* waiving its immunity from claims under the THRA and TDA.

To resolve this conflict we must examine USERRA and the principles underlying Tennessee's sovereign immunity.

## I. USERRA

Job security for armed services members dates back to the Selective Training and Service Act of 1940. *Petty v. Metropolitan Government of Nashville-Davidson County*, 538 F.3d 431, 439 (6th Cir. 2008). The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4334, was enacted by Congress "to clarify, simplify, and where necessary, strengthen the existing veterans' employment and reemployment rights provisions." *Id.* (citing *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304 (4th Cir. 2006)). "Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries." *Francis*, 452 F.3d at 303.

-4-

USERRA performs four key functions: (1) it guarantees returning veterans a right of re-employment after military service, 38 U.S.C. § 4312; (2) it prescribes the position to which such veterans are entitled upon their return, 38 U.S.C. § 4313; (3) it prevents employers from discriminating against returning veterans on account of their military service, 38 U.S.C. § 4311; and (4) it prevents employers from firing without cause any returning veterans within one year of re-employment, 38 U.S.C. § 4316.[1] USERRA creates a private cause of action in favor of a service-connected employee who the employer has refused to rehire. *See Petty*, 538 F.3d 431.

Plaintiff relies on USERRA, specifically 38 U.S.C. § 4323, as the basis for subject matter jurisdiction; however, USERRA's jurisdiction is expressly limited in actions filed by individuals against a state as an employer with the inclusion of the following: "in accordance with the laws of the State." 38 U.S.C. § 4323(b)(2); *see Velasquez v. Frapwell*, 165 F.3d 593 (7th Cir. 1999). Thus, for an individual to sustain an action against a state pursuant to USERRA, the action must be permitted by state law. *Id*.

This legal principle was the subject of review in the Supreme Courts of Alabama and Delaware and the Court of Appeals of Georgia, and each court concluded that the USERRA claim must be dismissed because the respective state had not waived its immunity from suit under USERRA. The Supreme Court of Alabama discussed the State of Alabama's immunity from suit under USERRA in *Larkins v. Dep't of Mental Health and Mental Retardation*, 806 So.2d 358 (Ala. 2001). Noting "Congress's deference to state laws includes a state's law dealing with its immunity from suit," the court affirmed the dismissal of the USERRA action because the state had not expressly waived its immunity. *Larkins*, 806 So.2d at 363. The Delaware Supreme Court addressed the issue in *Janowski v. Div. of State Police, Dep't of Safety and Homeland Sec.*, 981 A.2d 1166, 1170 (Del. 2009). Considering whether Delaware had waived its immunity, the *Janowski* court noted that an individual may proceed with a suit against a state under 38 U.S.C. § 4323(b)(2) "in accordance with the laws of the State" but interpreted that language to include "determinations about whether, when, and under what circumstances to waive sovereign immunity explicitly." *Id*. Based upon this reasoning, the Delaware Supreme Court determined that the Delaware legislature had not explicitly waived its immunity from suits under USERRA and affirmed the trial court's dismissal. *Id*. at 1170-71. The Court of Appeals of Georgia, in *Anstadt v. Bd. of Regents of Univ. Sys. of Georgia*, 693 S.E.2d 868, 872 (Ga. Ct. App. 2010), used a similar analysis to conclude that a suit against the State of Georgia under USERRA is only permissible to the extent the state has explicitly waived its sovereign immunity.

---

[1]Sections 4312 and 4313 are known as the "reemployment provisions" of USERRA. *See Petty*, 538 F.3d at 439 n.3.

Having considered the applicable USERRA principles, we turn our attention to Tennessee's Sovereign Immunity.

## II. TENNESSEE'S SOVEREIGN IMMUNITY

Tennessee's sovereign immunity arises from its constitution. Article I, section 17, of the Tennessee Constitution provides that "suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Based upon this constitutional provision, no civil action against the State may be sustained absent express authorization from the Tennessee General Assembly. *Greenhill v. Carpenter*, 718 S.W.2d 268, 270 (Tenn. Ct. App. 1986); *see also Chumbley v. State*, 192 S.W.2d 1007 (Tenn. 1946) (holding that a suit against the State of Tennessee is barred by Tennessee Constitution article I, section 17 when it is not brought in such manner as the legislature has directed). This principle of law has also been recognized by the federal courts. *Woolsey v. Hunt*, 932 F.2d 555, 564 (6th Cir. 1991) (stating unless the state has expressly consented to be sued, sovereign immunity bars a court from entertaining any suit against the state); *see also Memphis & C. R. Co. v. State of Tenn.*, 101 U.S. 337, 339 (1879) ("The principle is elementary that a State cannot be sued in its own courts without its consent.").

It is also critical to recognize that the courts of this state have no power to amend, revise, or waive this state's sovereign immunity. *Brown v. State*, 783 S.W.2d 567, 571 (Tenn. Ct. App. 1989) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 637 (Tenn. Ct. App. 1984)). The unequivocal restraint upon the courts of this state is stated in Tennessee Code Annotated § 20-13-102(a):

> No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

Thus, only the Tennessee General Assembly may waive this state's sovereign immunity, and legislation authorizing suits against the state must provide for the state's consent in "*plain, clear, and unmistakable*" terms. *Williams v. State*, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004) (quoting *State ex rel. Allen v. Cook*, 106 S.W.2d 858, 861 (Tenn. 1937))(emphasis added). "The state cannot be subjected to suits by individuals unless the words of the act are so plain, clear and unmistakable as to leave no doubt of the intention of the Legislature that it should be done." *Daley v. State*, 869 S.W.2d 338, 340 (Tenn. Ct. App. 1993) (citing *Quinton v. Board of Claims*, 54 S.W.2d 953, 857 (Tenn. 1932); *Brewington v. Brewington*, 387 S.W.2d 777, 779 (Tenn. 1965)). Moreover, a statute permitting suit against

the state must be strictly construed, and jurisdiction cannot be enlarged by implication. *Chumbley*, 192 S.W.2d at 1008; *Brown*, 783 S.W.2d at 571.

The Tennessee General Assembly has not expressly waived the state's sovereign immunity from claims under USERRA, and Plaintiff's reliance on an implied waiver is contrary to the law of Tennessee. *See Williams*, 139 S.W.3d at 311 (stating the waiver of immunity must be expressed using "plain, clear, and unmistakable" terms). The Tennessee National Guard is a division of the Tennessee Military Department; thus, it is an entity of the State of Tennessee. *See* Tenn. Code Ann. § 58-1-201, *et seq*. Accordingly, the Tennessee National Guard has immunity from claims arising under USERRA, including the claim asserted by Plaintiff in this civil action.

## IN CONCLUSION

For the reasons stated above, the judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant.

_____
FRANK G. CLEMENT, JR., JUDGE