FILED

03/31/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 22, 2017 Session

## DAVID R. SMITH v. THE TENNESSEE NATIONAL GUARD

**Appeal from the Circuit Court for Davidson County**
**No. 16C-12   Thomas W. Brothers, Judge**

_____

**No. M2016-01109-COA-R3-CV**

_____

W. NEAL MCBRAYER, J., dissenting.

This appeal turns on whether the State of Tennessee waived sovereign immunity with regard to a past event.[1]   Because in this instance I conclude that it did not, I respectfully dissent.

According to the complaint, the past event occurred on July 10, 2011, when David R. Smith "separated from" the Tennessee National Guard.  Prior to that, Smith left full-time Tennessee National Guard duty to attend the Naval War College, which required a tour of active military service.  As his active duty tour was ending, Smith attempted to rejoin the Tennessee National Guard in a full-time position but was told there was no position available for him.

In August of 2011, Smith filed suit claiming the Tennessee National Guard violated the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").  38 U.S.C.A. §§ 4301–4335 (2014).  USERRA "prohibit[s] discrimination against persons because of their service in the uniformed services."  *Id.*  § 4301(a)(3). The trial court dismissed the case for lack of subject matter jurisdiction on the basis of sovereign immunity, and we affirmed the trial court's decision on appeal.  *Smith v. Tenn. Nat'l Guard*, 387 S.W.3d 570 (Tenn. Ct. App. 2012).

On January 4, 2016, Smith filed a new suit against the Tennessee National Guard based again on his July 2011 separation from the Guard.  In the interim between the dismissal of his first suit and the filing of the current suit, the Tennessee General

_____

[1] I fully concur in the majority's conclusion that Tennessee Code Annotated § 29-20-208 does not violate the Supremacy Clause of the United States Constitution.

Assembly enacted Tennessee Code Annotated § 29-20-208, waiving sovereign immunity for "claims against and relief from a governmental entity" under USERRA. 2014 Tenn. Pub. Acts 229 (ch. 574).

Tennessee Code Annotated § 29-20-208 does not specifically indicate whether it waives sovereign immunity for USERRA claims arising from events prior to its enactment. For that, one must look to effective date of the enacting legislation, Public Chapter 574, enacted by the 108th General Assembly. Public Chapter 574 provides in section 2 as follows: "This act shall take effect July 1, 2014, the public welfare requiring it, and shall apply to all claims against a governmental entity under [USERRA] accruing on or after such date." *Id.* § 2.

"Every application of a text to particular circumstances entails interpretation." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 53 (2012) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)). When called upon to answer a question of statutory interpretation, the goal is to "carry out legislative intent without broadening or restricting the statute beyond its intended scope." *Lind v. Beamon Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). One starts by looking to the language of the statute and, if it is unambiguous, applying the plain meaning and looking no further. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 517 (Tenn. 2014); *State v. Hawkins*, 406 S.W.3d 121, 131 (Tenn. 2013). In doing so, a "forced interpretation that would limit or expand the statute's application" must be avoided. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

In addition to these well-known principles of statutory interpretation, one must also be mindful of the fact that the statute involved relates to the State's sovereign immunity. Waiver of sovereign immunity does not occur by happenstance or inadvertently. "[T]he State cannot be subjected to litigation at the suit of an individual unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation." *Scates v. Bd. of Comm'rs of Union City*, 265 S.W.2d 563, 565 (Tenn. 1954); *see also Northland Ins. Co. v. State*, 33 S.W.3d 727, 731 (Tenn. 2000) ("[L]egislation authorizing suits against the state must provide for the state's consent in 'plain, clear, and unmistakable' terms." (quoting *State ex rel. Allen v. Cook*, 106 S.W.2d 858, 861 (1937))).

The majority concludes that the Legislature expressed a clear and unmistakable intent to waive sovereign immunity for past violations of USERRA by its use of the word "accruing" in section 2 of Public Chapter 574. As the majority points out, a USERRA claim is a federal tort claim, and "Tennessee courts have consistently held that a cause of action in tort does not accrue or exist 'until a judicial remedy is available' to the plaintiff." *Ante*, at 7 (quoting *Wyatt v. A-Best, Co.*, 910 S.W.2d 851, 855 (Tenn. 1995)). Consequently, Smith's USERRA claim against the Tennessee National Guard did not accrue until July 1, 2014, because, until then, he had no right to sue the Guard.

I find this reasoning circular. And while I acknowledge that the most common definition of the word "accrue" in the context of the law is "[t]o come into existence as an enforceable claim or right," Black's Law Dictionary 25 (10th ed. 2014), the word can also mean "to arise."[2] *Id.*

The majority's interpretation also seems to ignore the context in which the word "accruing" appears. *See In re Estate of Tanner*, 295 S.W.3d 610, 625 n.13 (Tenn. 2009) ("Any canon of statutory construction, if applied mechanically and without attention to context, may lead to an incorrect result."); *see also* Scalia & Garner, *supra*, at 56 ("[W]ords are given meaning by their context."). Our Supreme Court instructs that "it is improper to take a word or a few words from its context and, with them isolated, attempt to determine their meaning." *Eastman Chem. Co.*, 151 S.W.3d at 507. In section 2 of Public Chapter 574, the word "accruing" is followed by the words "on or after." The use of the phrase "on or after" suggests that the Legislature did intend to place some limit on its waiver of sovereign immunity. However, the majority's interpretation would place no limits on the waiver, extending it to events occurring both prior to and after the enactment of Tennessee Code Annotated § 29-20-208.

Finally, the majority's interpretation renders the words "on or after" meaningless. If the Legislature intended to use the word "accruing" in the sense of a legally enforceable claim, one must assume, contrary to Tennessee Supreme Court precedent, that the Legislature did not use the words "on or after" purposely. *See Eastman Chem. Co.*, 151 S.W.3d at 507 ("[I]t should be assumed that the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose."); *see also* Scalia & Garner, *supra*, at 174 ("If possible, every word and every provision is to be given effect . . . . None should be ignored."). In the context of a waiver of sovereign immunity, I am unwilling to render the phrase "on or after" surplusage.

I interpret the State's waiver of sovereign immunity to extend to claims accruing under USERRA, without reference to State law, on or after July 1, 2014. Such an interpretation defines the word "accruing" in context and has the further salutary effect of giving all the words in the Public Chapter meaning. As alleged in Smith's complaint, "the incident for his cause of action took place in July 2011." Therefore, I would affirm the decision of the trial court dismissing Smith's complaint for lack of subject matter jurisdiction.

---

[2] In fairness, although the words "accrue" and "arise" are sometimes used interchangeably, in the context of a cause of action, they may distinguish two different principles. "*Arise* may refer to the onset of the underlying wrong (e.g., exposure to asbestos), whereas *accrue* may refer to the ripeness of the claim (e.g., contraction of asbestosis or discovery of the disease)." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 16 (2d ed. 1995).

_____
W. NEAL MCBRAYER, JUDGE