486

Charles M. Armistead et ux., Plaintiffs-in-Error,

*v.*

Clarksville-Montgomery County School System,
Defendant-in-Error.

437 S.W.2d 527

(*Nashville,* December Term, 1968.)

Opinion filed February 7, 1969.

WALDO E. RASSAS, Clarksville, for plaintiffs in error.

COLLIER GOODLETT, JR., of GOODLETT & GOODLETT, Clarksville, for defendant in error.

Mr. Justice Humphreys delivered the opinion of the Court.

Clarksville-Montgomery County School System instituted a condemnation proceeding in Montgomery County Court to acquire a house and 1.6 acres of land in Montgomery County, the property of Armistead and his wife. By order of the Court, the School System was found to have the right to acquire the property. Appraisers were appointed, who made a report to which the Armisteads excepted, and the case was appealed to the Circuit Court.

During this time, the School System removed a great amount of dirt, and had the County develop 27′ x 300′ of frontage for road purposes, which is now so used. The exact date of this construction is uncertain, but it appears to have been begun about August 2, 1966.

On October 11, 1966, the School System nonsuited. The Armisteads unsuccessfully sought to have this order set aside. Then on September 21, 1967, they filed a reverse condemnation suit pursuant to T.C.A. sec. 23-1423, to recover damages.

The School System, relying on T.C.A. sec. 23-1424, demurred to the suit on the ground the declaration disclosed the suit had been brought more than twelve months after commencement of construction by the School System on August 2, 1966. This demurrer was sustained by the Circuit Court, and the Armisteads have appealed, challenging this ruling by proper assignments of error.

So, the sole issue is whether T.C.A. sec. 23-1424, providing a twelve-months period within which landowners shall sue in reverse condemnation, should be construed so that the twelve-months limitation period would com-

mence to run as of the date the School System nonsuited its condemnation proceeding, October 11, 1966, or on the day the School System commenced constructing improvements, on August 2, 1966. For reasons we shall state, we are of opinion the period of limitation commenced to run as of the date of the nonsuit, so that the suit was not barred.

We have had no case in either the Court of Appeals or this Court like this one. So, although there are statements in cases cited by the School System which would seem to cut off the landowners' suit, those statements were not made on the basis of a construction of the statutes involved in a fact situation of this kind, and are not controlling.

■ Sections 23-1423 and 23-1424 are a part of Chapter 14 of Title 23 of the Code, providing for the exercise of the power of eminent domain and the rights of the respective parties where the exercise of this power is involved, so these two sections must be read *in pari materia* with the relevant sections of this Chapter.

■ The Chapter, when read and construed in its entirety, provides, that parties having the power of eminent domain may proceed against property by a petition to condemn, and while such a proceeding is pending, the property owner must work out his rights under the provisions of Chapter 14 applying to a defendant in such a case, and cannot resort to sec. 23-1423. This means then, that T.C.A. sec. 23-1423 becomes operative either upon the taking of land without a petition on the part of the taker, or upon the nonsuit of the condemnation petition. So, since sec. 23-1424 was enacted, not for the purpose of providing an absolute bar to an action such as this,

*East Tennessee and W. N. C. R. Co. v. Gouge,* 30 Tenn. App. 40, 203 S.W.2d 170, but was enacted to be read and applied with sec. 23-1423 so as to provide a remedy and an ordinary statute of limitation, in land taking involving the power of eminent domain, it must be held sec. 23-1424 was intended to become operative only at the time suit could be brought under sec. 23-1423, one of which times would be following a nonsuit of the condemnation case. An ordinary statute of limitation commences to run when the plaintiff has a cause of action and the right to sue. See many cases annotated under Limitations portion, 14 Tenn.Digest, Limitations of Actions, 43, p. 77.

As suggested at the oral argument of this case at the Bar of the Court, any other construction would leave the owner at the mercy of the taker, and without an effective remedy at law. For, a party having the power of eminent domain could enter upon land, file a petition for a condemnation, and taking advantage of the law's delay, nonsuit after 12 months from the taking, and leave the landowner without that recompense guaranteed him by our Constitution. Tenn.Const., Art. 1 sec. 21.

The assignments of error are sustained, the judgment of the lower court is set aside, and the case is remanded for further proceedings.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.