**WOODS & WOODS, A Professional Law Association, Plaintiff/Counter–Defendant/Appellee,**

v.

**John LEWIS, Joel Vaughn, and John Lewis and Joel Vaughn d/b/a Vaughn Management, Vaughn Motor Company, Puradyne and National Air Safety Advisory Service, Defendants,**

**Joel Vaughn, Individually, Defendant/Counter–Plaintiff/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 9, 1994.

Rehearing Petitions Denied March 30, 1994.

Permission to Appeal Denied July 10, 1995.

Richard S. Maxwell, Charles P. Jackson, III, Nashville, for plaintiff in error.

David B. Herbert, Ortale, Kelley, Herbert & Crawford, Nashville, for defendant in error.

## OPINION

TODD, Presiding Judge.

Permission has been granted for appeal from an interlocutory summary judgment dismissing a counter-complaint. The original suit was brought by the captioned plaintiff to recover fees for legal services. The counter-complaint asserts "Joel Vaughn, Individually and Vaughn Management, Inc., a Tennessee corporation, as *counter-plaintiffs* sue the plaintiff for malpractice." It is readily seen that Vaughn Management, Inc., is not a party to this case, and has no standing to file a counter-complaint. Participation of a non-party is by leave of court which was never requested or granted. T.R.C.P. Rules 13, and 24.

Other than the counter-complaint, the record contains no indication of the recognition of the corporation or of its participation in the proceedings. The judgment refers only to "the counter-claim filed by the defendants." The "counter-claim" of Vaughn Management, Inc. was not properly before the Trial Court, and was properly dismissed by the Trial Court. The application for permission to appeal to this Court was initiated by "defendants/counter-plaintiffs" without naming them; the order of this Court granted permission to appeal to "the appellant" (singular), and the appeal bond was executed by Joel Vaughn as principal. There is no evidence that the corporation initiated or prosecuted the appeal except that appellant's brief states that a counter-complaint was filed by Joel Vaughn and the corporation.

This appeal will be treated as an appeal by Joel Vaughn doing business under the trade names listed in the caption.

There is no indication that the defendant John Lewis filed any counter-claim or has any interest in this appeal.

The only issue stated by appellant is the correctness of the summary judgment. Appellee states the issues as follows:

When did the defendants' cause of action accrue?

The counter-complaint filed on May 23, 1991, asserts that plaintiff represented Joel Vaughn from 1987 until February 1991, and Vaughn Management, Inc., from its creation until February, 1991; that plaintiff advised Vaughn and Vaughn Management, Inc., and drafted and/or approved its advertising materials and practices; that, on July 11, 1989, the Federal Trade Commission filed suit against Vaughn, Vaughn Management and others alleging that the advertising materials and practices were unlawful; that plaintiff negligently represented Vaughn and Vaughn Management in said litigation; and that, as a result of the negligent advice and representation, Vaughn and Vaughn Management suffered damages.

Plaintiff's answer to the counter-complaint denies certain allegations of the counter-complaint and asserts affirmatively:

The counter-complaint was brought more than one (1) year from the date counter-plaintiffs' alleged injuries were known and irremediable, and therefore, this cause must be dismissed pursuant to TCA Section 28-3-104(2).

The motion for summary judgment states simply that there is no genuine issue as to any material fact and that counter-defendant is entitled to judgment as a matter of law. Grounds are not otherwise stated and there is no supporting brief, but the motion states that movant relies upon the depositions of John Lewis, Joel Vaughn and Larry Woods, the answers of Joel Vaughn to interrogatories, and the pleadings.

Although not specified therein, it is clear that the motion for summary judgment was based upon the above quoted affirmative defense, namely, statute of limitations of one year for legal malpractice.

The evidence cited in the motion for summary judgment shows without contradiction the following facts:

On July 11, 1989, when the Federal Trade Commission suit was filed, a temporary restraining order was issued impounding certain bank accounts: Although a hearing was held on July 27, 1989, the restraining order was not dissolved and remained in force by virtue of an agreed order entered on July 14, 1989. The restraining order remained in effect until plaintiff was dismissed as counsel in February, 1990, and new counsel was retained.

Counter-plaintiff asserted in his response to interrogatories that he sustained extensive damage from the imposition and extension of the temporary restraining order which was the proximate result of negligent advice, composition of advertising material, and court representation by plaintiff.

As stated above, plaintiff/counter-defendant relies upon the one year statute of limitations for legal malpractice actions. Since this action was initiated on May 23, 1991, the statute bars any right of action which arose prior to May 23, 1990. Appellant concedes that the negligence and damage therefrom occurred prior to May 23, 1990, but relies upon the testimony of Mr. Vaughn that he was not aware of the negligence of plaintiff until informed of it by his new attorney in June, 1990, less than a year before filing the counter-suit.

■ Ordinarily, the statute of limitations commences to run when the plaintiff has a cause of action and a right to sue. *Armistead v. Clarksville–Montgomery County School System*, 222 Tenn. 486, 437 S.W.2d 527 (1969).

■ In respect to professional malpractice, the right of action accrues when the harmful result of the negligence becomes irremediable. Where a client has knowledge of negligence and resulting injury, the running of the statute is not delayed by the futile efforts of the client to obtain relief through other counsel. *Chambers v. Dillow*, Tenn.1986, 713 S.W.2d 896.

■ Where some irremediable injury has occurred and is known to the client, the fact

that the client is not fully aware of the full extent of injury will not toll the statute of limitations. *Batchelor v. Heiskell, et al.,* Tenn.App.1991, 828 S.W.2d 388.

■ The "discovery rule," that a cause of action for malpractice does not accrue until the date of discovery of the negligence and injury, applies only in cases where plaintiff does not discover and reasonably could not be expected to discover that he had a right of action. *Hoffman v. Hospital Affiliates, Inc.,* Tenn.1983, 652 S.W.2d 341.

■ The "discovery rule" is applicable to legal malpractice. *Security Bank & Trust Co. v. Fabricating, Inc., et al.,* Tenn.1983, 673 S.W.2d 860.

■ Where reasonable persons might draw differing inferences from undisputed facts, the issue of the proper inference to be drawn is for the jury. It is only where the evidence is uncontradicted and a reasonable mind could draw only one conclusion from the evidence that the issue may be decided by the court as a matter of law. *Keller v. East Tennessee Production Credit Association,* Tenn.App.1973, 501 S.W.2d 810.

The present case presents two distinguishable series of alleged malpractice, i.e. (1) negligent advice and guidance leading to the Federal Trade Commission suit and temporary restraining order, and (2) negligent conduct of the defense of the Federal Trade Commission suit, resulting in the protracted continuation of the restraining order.

■ In respect to the first right of action, the initiation of the Federal Trade Commission suit was notice to the counter-plaintiff that the plaintiff had not adequately or correctly guided him as to avoid such involvements. *Memphis Aero Corp. v. Swain,* Tenn.App.1986, 732 S.W.2d 608. If the suit was not sufficient notice to trigger the running of the statute, subsequent events prior to May 23, 1991, were sufficient to put counter-plaintiff on inquiry so as to reasonably require action prior to May 23, 1992. Among these events are the protracted term of the restraining order, the admitted dissatisfaction with the services of plaintiff, the discharge of plaintiff and the employment of substitute counsel. The totality of the situation is such that this Court finds as a matter of law that, prior to May 23, 1991, counter-plaintiff knew or reasonably should have known that the advice and counsel received from counsel prior to July 11, 1989, was defective. Accordingly, the summary judgment will be affirmed in respect to that portion of the counter-claim based upon advice and guidance rendered prior to July 11, 1989.

■ The second right of action, for negligent handling of the lawsuit which began on July 11, 1989, is in a different category. The negligence, if any, was governed by technical rules of law and procedure, and the ultimate disposition of the case did not occur until after May 23, 1991. Cross-plaintiff-appellant was a layman without expertise as to professional standards for lawyers, and was not subject to any startling development in the proceedings which would suggest negligence of his counsel in handling the case in court. A jury might find that appellant knew or reasonably should have known that his defense was being neglected, but this Court is unable to hold that this is true as a matter of law.

Accordingly, the summary judgment is modified to delete therefrom the dismissal of the suit of Joel Vaughn for malpractice in the defense of the suit filed by the Federal Trade Commission on July 11, 1989, and damages resulting from such malpractice. This portion of the counter-complaint will remain for trial by the Trial Court.

As modified, the judgment of the Trial Court is affirmed. Costs of this appeal will be paid in equal parts by plaintiff and defendant, Joel Vaughn. The cause is remanded to the Trial Court for further proceedings.

Modified, Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.