IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 7, 2017 Session

## ALISA LEIGH ELDRIDGE v. LEE SAVAGE

**Appeal from the Circuit Court for Overton County**
**No. 2010-CV-49      Jonathan L. Young, Judge**

_____

### No. M2016-01373-COA-R3-CV

_____

This dispute arises from Buyer's purchase of a home from Seller in 1994. After discovering extensive pre-existing fire damage to the home in 2010, Buyer filed a complaint against Seller, alleging misrepresentation, mistake, and violation of the Tennessee Consumer Protection Act. The trial court granted summary judgment in favor of Seller, finding that Buyer's cause of action was barred by the applicable statute of limitations. Buyer appeals, alleging that Seller's fraudulent misrepresentations and concealment and the discovery rule tolls the statutes of limitations. She also contends these are factual issues to be determined by a jury. We have concluded that a reasonable jury could not legitimately resolve the facts relied upon by Buyer in her favor; therefore, the trial court acted appropriately by summarily dismissing all of her claims as time barred. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Michael Robert Giaimo, Cookeville, Tennessee, for the appellant, Alisa Leigh Eldridge.

Craig P. Fickling, Cookeville, Tennessee, for the appellee, Lee Savage.

### OPINION

Alisa Leigh Eldridge ("Mrs. Eldridge")[1] purchased the home at issue from Lee Savage ("Mr. Savage") on November 1, 1994. Almost sixteen years later, in August 2010, Mrs. Eldridge filed a complaint against Mr. Savage, alleging fraudulent

---

[1] Mrs. Eldridge's husband, whom she married after purchasing the house from Lee Savage, was also an original party to this action, but his claims were dismissed, and he is not a party to this appeal.

misrepresentation, mistake, and violation of the Tennessee Consumer Protection Act ("TCPA"). The crux of her complaint was that Mr. Savage made false statements of fact regarding the nature and extent of the fire damage to the home and the subsequent repairs he made. Mrs. Eldridge alleged that she relied upon Mr. Savage's express statements that he had repaired the fire damage, and she claimed that she had acted as a reasonably prudent person in her inspection and purchase of the home. Mrs. Eldridge sought compensatory damages, or in the alternative, to rescind the original contract based on a mutual misunderstanding or mistake regarding the nature and extent of the fire damage.

At the time of the purchase, Mr. Savage informed Mrs. Eldridge and her then-fiancé, now husband, that the home had previously been damaged by fire. Based on this disclosure, and prior to Mrs. Eldridge purchasing the home, the Eldridges personally inspected the home at which time they observed "visible damage from the fire," noting that the home's kitchen cabinets were "caramel color due to being heat scorched," and observed that the home had at least one "burnt floor joist in the basement." As part of the pre-closing financing process through the Federal Housing Administration ("FHA"), a professional home inspection was also performed. The inspector's report indicated, inter alia, that "no environmental hazards were noted or reported." Thereafter, Mrs. Eldridge decided to purchase the home, relying on the results of the inspections of the home and Mr. Savage's representations that he had repaired the fire damage and that the home was "livable."

In the nearly sixteen years that followed, the Eldridges had two children. Their oldest child developed chronic respiratory problems that progressively worsened. In January 2010, when the child was about nine years old, specialists at Vanderbilt University Medical Center advised the Eldridges that environmental conditions in the home could be causing or contributing to their daughter's condition and recommended they scrub the house with bleach. In February 2010, while Mrs. Eldridge was scrubbing the kitchen cabinets with bleach, she noticed "black soot" appearing on the surface of the cabinets. The more she scrubbed, the more soot appeared, and a terrible odor resulted. This prompted the Eldridges to inspect the rest of the house. They discovered "extensive fire damage" behind the refrigerator, behind the cabinets, in the walls, and charred flooring was also discovered beneath the linoleum that Mr. Savage installed. The Eldridges also discovered that the HVAC return was filled with soot.

Shortly after this action was commenced, Mr. Savage filed a motion to dismiss the complaint on the basis that all claims were barred by various statutes of limitations. In response, Mrs. Eldridge argued that action was timely given the fraudulent misrepresentations of Mr. Savage and that the discovery rule tolled running of the statutes of limitations. Following a hearing on the motion to dismiss, the trial court dismissed the complaint. With respect to the timeliness of the claims asserted by Mrs. Eldridge, the trial court found that the facts as acknowledged by Mrs. Eldridge in the complaint were

sufficient to put a reasonable person on notice that she may have a cause of action; therefore, the discovery rule did not toll the statutes of limitations.

Mrs. Eldridge timely appealed the dismissal of her complaint to this court, and in an opinion filed on December 28, 2012, we reversed and remanded for further proceedings. In reaching our decision, we stated:

> The statute of limitations begins to run "when the plaintiff has actual knowledge of a claim" or of "facts sufficient to put a reasonable person on notice that he [or she] has suffered *an injury as a result of wrongful conduct*." *Redwing*, 363 S.W.3d at 459 (emphasis added). True, Plaintiff knew at the time of purchase that a fire had occurred at the home. However, she is not suing Defendant for that reason alone. The basis of this lawsuit is that Defendant made false statements regarding "the nature and extent of the fire damage and subsequent repairs to the home." At this stage of the proceedings, there is nothing to indicate that a reasonable person would have discovered the allegedly concealed fire damage, which was "behind the cabinets, in the walls and just underneath the linoleum floor," prior to when it was discovered by Plaintiff. Therefore, it was premature for the trial court to dismiss Mrs. Eldridge's complaint for failing to exercise reasonable diligence in discovering her injury.

*Eldridge v. Savage*, No. M2012-00973-COA-R3-CV, 2012 WL 6757941, at *6 (Tenn. Ct. App. Dec. 28, 2012).

Following remand, neither party submitted any discovery requests or took any depositions. In October 2015, more than two years after the case was remanded, Mr. Savage filed a motion for summary judgment, again asserting that the action was time barred. Mr. Savage argued that the statutes of limitations began to run on November 1, 1994, the date Mrs. Eldridge purchased the home, because she had actual knowledge that the home had been damaged by fire. Mr. Savage further argued that the discovery rule did not toll the statute of limitations because Mrs. Eldridge could have discovered the existence of the allegedly concealed fire damage by exercising reasonable care and diligence.

After a hearing, the trial court granted the motion for summary judgment. In making its decision, the trial court found that Mrs. Eldridge knew the home had been damaged by a fire, she and her fiancé inspected the home, and it was additionally inspected by a professional as required by the FHA. The court also found it significant that Mrs. Eldridge and her family of four had lived in the home for close to sixteen years before filing suit. Additionally, the trial court held that Mrs. Eldridge's claim of not knowing the extent of the fire damage did not toll the statute of limitations, relying in part on the following admissions made by Mrs. Eldridge:

a. The Defendant notified the Plaintiff of the fire damage prior to the purchase.
b. The Plaintiff and her husband saw the fire damage prior to purchase.
c. The Plaintiff had the home professionally inspected and the inspector found no issues.
d. The Plaintiff lived in the home for over fifteen (15) years.

The trial court went on to say that while it had "sympathy for the Plaintiff, not knowing the extent of damage does not toll the statute of limitations. The statute begins at the date of the injury, which in this case is the purchase date and not when the injury is discovered." This appeal followed.

Mrs. Eldridge has submitted one issue on appeal.

Whether the trial court erred in granting the Defendant summary judgment, where the Plaintiff has demonstrated there are genuine issues of material fact in dispute, and the Defendant is not entitled to a judgment as a matter of law, as to her knowledge of the true nature and extent of fire damage to the home at the time of the sale, subsequent discovery of measures taken by the Appellee to conceal extensive fire damage not repaired, and subsequent discovery that affirmative statements as to the nature and condition of the home being fully repaired and being "livable" were false, to the extent a rational trier of fact could determine the discovery rule operated to toll the applicable statute of limitations, as a matter of law.

We believe the dispositive issue is better stated as follows: Whether a jury could conclude that Mr. Savage took affirmative action to conceal the causes of action asserted by Mrs. Eldridge, and that Mrs. Eldridge could not have discovered her causes of action and right to sue him despite exercising reasonable diligence.

**STANDARD OF REVIEW**

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

**ANALYSIS**

The purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time. "Statutes of limitations promote fairness and justice." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012)(quoting *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 621 (Tenn. 2002)). "They are shields, not swords," *Redwing*, 363 S.W.3d at 456 (quoting *Lawman v. Barnett*, 180 Tenn. 546, 565, 177 S.W.2d 121, 128 (1944)), and are based on the presumption that a person with the legal capacity to litigate will not delay bringing suit on a meritorious claim beyond a reasonable time. *Hackworth v. Ralston Purina Co.*, 214 Tenn. 506, 510, 381 S.W.2d 292, 294 (1964)). These statutes are designed to prevent undue delay in bringing suits on claims, to avoid surprising parties when the facts have become obscure from the lapse of time, and avoid the defective memory, death or absence of witnesses. *Hackworth*, 381 S.W.2d at 294.

A defense based on the statute of limitations must address three components—the length of the limitations period, the accrual of the cause of action, and the applicability of any relevant tolling doctrines. *Redwing,* 363 S.W.3d at 456. All three elements are inter-related and, therefore, should not be considered in isolation. *Id.* The length of the limitations period is the first and most straightforward of these three elements. *Id.* at 457.

I.   THE LENGTH OF THE LIMITATIONS PERIODS

Mrs. Eldridge asserts four separate causes of action, each of which arises from her buying the home from Mr. Savage in 1994: (1) intentional misrepresentation, (2)

negligent misrepresentation, (3) violation of the TCPA, and (4) rescission of contract based on a failure of mutual assent. This action was commenced nearly sixteen years after Mrs. Eldridge acquired the home from Mr. Savage, and it is undisputed that the length of the statute of limitations for each of these claims is not more than ten years. Therefore, the focus of our analysis will be on the second and third elements of a statute of limitations defense.

## II.    ACCRUAL OF THE CAUSE OF ACTION

The second element of a statute of limitations defense relates to the concept of accrual, or put another way, the date on which the applicable statute of limitations begins to run. *Redwing*, 363 S.W.3d at 457; *see also Columbian Mut. Life Ins. Co. v. Martin*, 175 Tenn. 517, 526, 136 S.W.2d 52, 56 (1940); *McSpadden v. Parkenson*, 10 Tenn. App. 11, 18 (1928); Steven W. Feldman, 22 *Tennessee Practice: Contract Law and Practice* § 12:80 (2017). "A cause of action accrues and the applicable statute of limitations begins to run when the plaintiff has a cause of action and a right to sue." *Id.* (quoting *Armistead v. Clarksville–Montgomery Cnty. Sch. Sys.*, 222 Tenn. 486, 490, 437 S.W.2d 527, 528–29 (1969)). Traditionally, the statute of limitations began to run even when the person entitled to an action had no knowledge of her right to sue, or the facts out of which this right arose. *Id.*

Although Ms. Eldridge is claiming she had no knowledge of her right to sue, or the facts out of which her right to sue arose, until 2010, the causes of action she asserts in this case accrued on November 1, 1994. That is when the deed to the home was conveyed to her. Therefore, all of her claims are time barred unless an applicable tolling doctrine suspends or extends the running of the limitations periods.

## III.    TOLLING DOCTRINES

There are two tolling doctrines at play in this case: the discovery rule, and the doctrine of fraudulent concealment.

For the purposes of both the discovery rule and the doctrine of fraudulent concealment, whether a plaintiff exercised reasonable care and diligence in discovering her injury is usually a fact question for the jury to determine. *Wyatt v. A-Best, Co.*, 910 S.W.2d 851, 854 (Tenn. 1995).

> However, where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct, Tennessee case law has established that judgment on the pleadings or dismissal of the complaint is appropriate.

*Schmank v. Sonic Automotive, Inc.*, No. E2007–01857–COA–R3–CV, 2008 WL 2078076, at *3 (Tenn. Ct. App. May 16, 2008)(internal citations omitted).

The pivotal issue on appeal is whether Mrs. Eldridge would have discovered Mr. Savage's allegedly wrongful acts in concealing the fire damage had she exercised reasonable care and diligence. *Redwing*, 363 S.W.3d at 466; *see also Sherrill v. Souder*, 325 S.W.3d at 595; *In re Estate of Davis*, 308 S.W.3d at 842; *Teeters v. Currey*, 518 S.W.2d at 516-17.

### A. The Discovery Rule

Mrs. Eldridge asserts that the discovery rule should apply to toll the statutes of limitations until 2010, the year she discovered the extent of fire damage to her home. Mrs. Eldridge bases her argument on allegations that Mr. Savage fraudulently concealed the extent of the fire damage and that she exercised reasonable care and diligence in discovering her injury. We respectfully disagree, having concluded a reasonable jury could not legitimately resolve this fact in Mrs. Eldridge's favor. *Byrd v. Hall*, 847 S.W.2d at 215.

The discovery rule applies in "situations where the plaintiff is generally unlikely to learn of the harm before the remedy expires." *Developments in the Law Statutes of Limitations*, 63 Harv. L. Rev. 1177, 1203 (1950). Where applicable, "the discovery rule is an equitable exception that tolls the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained." *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d at 621.

> The discovery rule does not, however, toll the statute of limitations until the plaintiff **actually** knows that he or she has a cause of action. **The plaintiff is deemed to have discovered the right of action when the plaintiff becomes aware of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of the defendant's wrongful conduct.** *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn.1998); *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn.1994).

*Id.* (emphasis added).

Furthermore, the discovery rule does not allow the plaintiff to delay filing suit until she knows the full extent of her damages, or the specific type of legal claim she has. *Redwing*, 363 S.W.3d at 459. Constructive or "inquiry" notice occurs "when the plaintiff has actual knowledge of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of wrongful conduct." *Id.* (internal quotation and alteration omitted). In other words, "inquiry notice 'charges a plaintiff with knowledge of

those facts that a reasonable investigation would have disclosed.'" *Id.* (quoting *Sherrill v. Souder*, 325 S.W.3d 584, 593 n.7 (Tenn. 2010)). Once the plaintiff "gains information sufficient to alert a reasonable person of the need to investigate 'the injury,' the limitation period begins to run." *Id.*

Mrs. Eldridge had actual knowledge that the house was damaged in a fire prior to purchasing the home. She knew this through Mr. Savage's statements to her and from her own personal observations. As Mrs. Eldridge acknowledges in her sworn complaint and in her affidavit filed with her response in opposition to Mr. Savage's motion for summary judgment, she observed "visible damage from the fire" to the home prior to purchasing the house. She knew the kitchen cabinets were "caramel color due to being heat scorched," and she noticed a "burnt floor joist in the basement." Mrs. Eldridge also admitted that Mr. Savage told her and her husband that "the previous occupants set the house on fire in three places in the front hallway."

In addition to having actual knowledge of fire damage to several places in the house prior to purchasing it, including the main floor and basement, the record reveals how easy it was for Mrs. Eldridge and her husband to subsequently discover the "extent" of the damage. In her sworn complaint and affidavit Mrs. Eldridge states that she discovered a significant amount of soot by merely "moving the refrigerator in the kitchen" and "looking in the HVAC return." For these reasons, as well as others that are revealed in the record, Mrs. Eldridge was not only aware of facts sufficient to put a reasonable person on notice that she had suffered an injury when she acquired the home from Mr. Savage, but she also could have easily discovered additional facts sufficient to put a reasonable person on notice that she had suffered an injury by acquiring the fire damaged property from Mr. Savage.

## B. Fraudulent Misrepresentation and Concealment

The foregoing notwithstanding, Mrs. Eldridge contends she should be excused from having to make any inquiries other than those she made prior to acquiring the property due to Mr. Savage's alleged fraudulent misrepresentations and concealment. We do not agree.

Tennessee courts have long recognized that the doctrine of fraudulent concealment will also toll the running of a statute of limitations. *Redwing*, 363 S.W.3d at 462; Tenn. Code Ann. § 29–26–116(a)(3). "The doctrine of fraudulent concealment is aligned with the discovery rule. Under the fraudulent concealment doctrine, the statute of limitations is tolled when the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured." *Id.* (internal citations omitted). In other words, fraudulent concealment applies "to circumstances in which the defendant purposefully engages in conduct intended to conceal the plaintiff's injury from the plaintiff." *Id.*

Generally, a plaintiff seeking to establish fraudulent concealment must prove that the defendant took affirmative action to conceal the cause of action **and** that the plaintiff could not have discovered the cause of action despite exercising reasonable diligence. *Vance v. Schulder*, 547 S.W.2d 927, 930 (Tenn. 1977).[2] A plaintiff invoking the fraudulent concealment doctrine must allege and prove four elements:

> (1) that the defendant affirmatively concealed the plaintiff's injury … or failed to disclose material facts regarding the injury . . . despite a duty to do so; (2) that the plaintiff could not have discovered the injury . . . despite reasonable care and diligence; (3) that the defendant knew that the plaintiff had been injured . . . ; and (4) that the defendant concealed material information from the plaintiff by withholding information . . . in order to exclude suspicion or prevent inquiry."

*Redwing*, 363 S.W.3d at 462-63 (internal citations omitted).

For the reasons discussed earlier, we have determined that Mrs. Eldridge cannot establish the second essential element, that being that she could not have discovered that the home had extensive fire damage despite reasonable care and diligence. We have reached this conclusion based on the admissions by Mrs. Eldridge that reveal how easy it was to discover a significant amount of soot by, for example, merely "moving the refrigerator in the kitchen" and by "looking in the HVAC return." As a result, we have concluded that a reasonable jury could not legitimately resolve this fact in Mrs. Eldridge's favor. *Byrd*, 847 S.W.2d at 215.

If it is established that the defendant fraudulently misrepresented or concealed a material fact, the statute of limitations is tolled until the plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the defendant's fraudulent concealment or sufficient facts to put the plaintiff on actual or inquiry notice of her claim. *Redwing*, 363 S.W.3d at 463. Thus, once the plaintiff discovers or should have discovered the defendant's fraudulent concealment or she discovers sufficient facts to put the plaintiff on actual or inquiry notice of her claim, the original statute of limitations begins to run anew, and the plaintiff must file her claim within the statutory limitations period. *Id.*

---

[2] A cause of action accrues "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered," *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975), or "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998); *see also Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997).

For purposes of our summary judgment analysis, we presume that Mr. Savage made fraudulent misrepresentations and concealed material facts to hide the fact that the home had extensive fire damage. This material fact notwithstanding, the record reveals that Mrs. Eldridge should have and could have discovered Mr. Savage's fraudulent misrepresentations or concealment shortly after moving into the home in November of 1994, had she exercised reasonable diligence. Therefore, the statutes of limitations would have only been tolled for a short period of time, a period wholly insufficient to save Mrs. Eldridge's claims from being time barred when this action was commenced in 2010.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Alisa Leigh Eldridge.

_____
FRANK G. CLEMENT JR., P.J., M.S.